18702

The PEOPLES NATIONAL BANK OF GREENVILLE, South Carolina, as Trustee of the Estate of J. B. Bruce, Respondent, v. The SOUTH CAROLINA TAX COMMISSION and Otis W. Livingston, Sam Burts, James A. Calhoun, Jr., Walter W. Lewis, and Robert C. Wasson, Tax Commissioners, Appellants.

(156 S. E. (2d) 769)

188

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* of Columbia, *for Appellants,*

*Wm. Byrd Traxler, Esq.,* of Greenville, *for Respondent,*

September 8, 1967.

BRAILSFORD, Justice.

This is an appeal by the South Carolina Tax Commission from an order of the circuit court holding unconstitutional a provision of Section 65-223, Code of 1962, as amended by Act No. 245, 53 Stat. 279 (1963), because it unreasonably discriminates against nonresident beneficiaries of certain trusts in the imposition and collection of income taxes. We quote the statute in relevant part:

"Section 65-223. A tax is imposed upon resident fiduciaries * * * having an income within the jurisdiction of this State. * * * The tax shall be computed at the same rates set forth in § 65-221 and shall be levied, collected and paid by the fiduciary annually with respect to:

\* \* \*

"(b) That part of the net income derived from real property in this State or tangible personal property having an actual situs in this State which has been distributed or becomes distributable to a nonresident beneficiary;

\* \* \*

"The tax imposed upon a fiduciary by this chapter shall be a charge against the estate or trust."

The plaintiff is trustee under the will of J. B. Bruce, a resident of Greenville County, South Carolina, who died in

1924. The testator devised certain real property, located in the City of Greenville to the plaintiff in trust, to, rent the same and distribute the net income to four named beneficiaries, all of whom are nonresidents of this State.

As had been its custom in prior years, the plaintiff distributed the net income for 1963 to the beneficiaries and made a regular fiduciary return for that year to, the South Carolina Tax Commission, which reflected this distribution and reported no income tax due to the State. Relying upon the 1963 amendment by which sub-division (b) was added to Section 65-223, *supra,* the Commission rejected this return and, allowing one exemption of $800.00 assessed a tax of $664.58 on the net income reported by plaintiff. Plaintiff paid the tax under protest and brought this action to recover the amount so paid.

In the case of resident beneficiaries, income of this class is not taxed in the hands of the fiduciary. Instead, the distributive share of each beneficiary is included in his gross income. See Section 65-252, Code of 1962. Thus, if the beneficiaries of the trust were residents, each of them would be entitled to an exemption of $800.00. Whereas, under the terms of the statute, only one exemption of $800.00 is allowed to the fiduciary, although the income is distributed among four nonresident beneficiaries. Plaintiff contends that the practical operation and effect of the statute amounts to an arbitrary discrimination against nonresidents, in violation of the Constitutions of the United States and of this State. The sole issue on the appeal is whether this attack upon the statute should be sustained. In our consideration of this question, we are governed by certain well-settled principles:

"The supreme legislative power of the State is vested in the General Assembly; the provisions of our State Constitution are not a grant but a limitation of legislative power, so that the General Assembly may enact any law not expressly, or by clear implication, prohibited by the State or Federal Constitution; a statute will, if possible, be construed

so as to render it valid; every presumption will be made in favor of the constitutionality of a legislative enactment; and a statute will be declared unconstitutional only when its invalidity appears so, clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution." *Moseley v. Welch,* 209 S. C. 19, 26-27, 39 S. E. (2d) 133, 137.

Where there are two possible constructions, one rendering the statute unconstitutional and the other constitutional, it is the duty of the court to adopt that construction which will uphold the validity of the statute, "for it is always presumed that the Legislature intends a statute to have meaning and effect consistent with the Constitution." *Ex parte Tillman,* 84 S. C. 552, 563, 66 S. E. 1049, 1053, 26 L. R. A., N. S., 781.

Of course, "[a]ll rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *State ex rel. McLeod v. Montgomery,* 244 S. C. 308, 313-314, 136 S. E. (2d) 778, 781.

It is quite clear that the legislative purpose in the enactment of Section 65-223(b), *supra,* was to assure the collection of income taxes due to the State, on income distributable to nonresident beneficiaries, before the funds should be sent beyond the jurisdiction of the State. The practical difficulties involved in attempting to collect the tax due, after out of state distribution of the funds, are apparent.

The tax is paid from funds otherwise distributable to the beneficiaries, and, although denominated a tax on the fiduciary, the practical operation and effect of the statute is the exaction of a tax from the beneficiary.

A nonresident who receives income subject to taxation in this State is required by Section 65-291, Code of 1962, to

file an income tax return with the South Carolina Tax Commission. The tax rate is the same without regard to the residence of the taxpayer, Section 65-221, *id.,* and a fair method for prorating the same exemption allowed to a resident is established by Section 65-225(6), *id.* Upon the filing of a return, it is the duty of the Commission to compute the tax due and to order any overpayment refunded to the taxpayer. Section 65-321, *id.*

As has been seen, the requirement of Section 65-223, *id.,* that a fiduciary pay over to the State a tax on income from specified sources, which is distributable to nonresident beneficiaries, is only nominally taxation of the fiduciary. The trustee is merely a stakeholder, and the beneficiary, to whom the funds so paid over would otherwise belong, is the real taxpayer. In the light of these realities and of the legislative purpose to assure the collection of taxes on income distributable to nonresident beneficiaries, we think that the challenged provision of the statute should be construed as a withholding tax device, rather than as a tax on the fiduciary. This construction permits a nonresident beneficiary, upon filing a South Carolina income tax return, to take credit for so much of the sum paid over to the State by the fiduciary as would otherwise have been payable to the beneficiary filing the return, and resolves the issue of discrimination in favor of the constitutionality of the statute. Nonresident beneficiaries thus are afforded equality of treatment under our tax statutes. They are taxed at the same rate and are allowed the same exemption, fairly prorated, as resident taxpayers. They share with residents the duty to file income tax returns and the right to recoup any excess tax which may have been paid, including any sum withheld by a fiduciary and paid over to the State under Section 65-223 (b), Code of 1962.

We think that this construction of the act effectuates the legislative purpose and implements our duty to adopt a construction which conforms to constitutional requirements, where this can be accomplished without

doing violence to the language of the statute. We are reluctant to reverse the judgment appealed from by adopting a construction of the statute which was not urged in the circuit court. However, our duty to sustain the validity of an act of the General Assembly, on any ground fairly appearing from the record, requires that we follow this course.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.